ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JAN 21 2003

LUTHER D. THOMAS, Clerk
By
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| PAUL SHIMEK III, | § | |
| KATHY FORBES, | § | |
| GEORGE FORBES, | § | |
| MILDRED BOBBITT, and | § | |
| JOHN ROSA, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION |
| | § | FILE NO.: 1:02-cv-3020-wbh |
| WEISSMAN, NOWACK, CURRY | § | |
| & WILCO, P.C., | § | |
| Defendant. | § | |

## PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

**COME NOW** PAUL SHIMEK III, KATHY FORBES, GEORGE

FORBES, MILDRED BOBBITT, and JOHN ROSA, by and through their

undersigned counsel of record, and pursuant to Fed. R. Civ. P. 56, move for partial

summary judgment against defendant WEISSMAN, NOWACK, CURRY &

WILCO, P.C. on the grounds that it has violated the federal Fair Debt Collection

Practices Act, 15 U.S.C. §1692, et seq. by (1) failing to convey the validation

notice required by §1692g(a)(4) of the Act, (2) failing to cease all collection efforts

after the consumer requested verification of the debt in violation of §1692g(b) of

the Act, (3) omitting the validation notice required by §1692g(a)(5) of the Act; and

(4) knowingly communicating with the plaintiffs after being served a copy of this

action in violation of §1692c(a)(2) of the Act. In support of their motion, plaintiffs submit their Brief in Support of Motion for Partial Summary Judgment filed contemporaneously herewith.

The plaintiffs' statutory and actual damages will be submitted to the jury.

Respectfully submitted,

| | |
|---|---|
| 1850 Lake Park Drive, Suite 204 | Robert Kaiden |
| Smyrna, GA 30080 | Attorney for Plaintiffs |
| Tel (770) 801-9950 | Georgia Bar No.: 406030 |
| Fax (770) 801-0724 | |

| | |
|---|---|
| 1850 Lake Park Drive, Suite 204 | Cristina Kaiden |
| Smyrna, GA 30080 | Attorney for Plaintiffs |
| Tel (770) 801-9950 | Georgia Bar No.: 406018 |
| Fax (770) 801-0724 | |

## LOCAL RULE 5.1 CERTIFICATION

Counsel certifies that the foregoing document was prepared in accordance with the type and font selection approved by Local Rule 5.1 in Times New Roman using a 14 point font.

| | |
|---|---|
| 1850 Lake Park Drive, Suite 204 | Robert Kaiden |
| Smyrna, GA 30080 | Attorney for Plaintiffs |
| Tel (770) 801-9950 | Georgia Bar No.: 406030 |
| Fax (770) 801-0724 | |

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served opposing counsel with a copy of the foregoing pleading in a properly addressed envelope with adequate postage affixed thereon to:

Mr. Derek Johanson, Esq.
Weisman, Nowack, Curry & Wilco, P.C.
Two Midtown Plaza, 15th Floor
1349 West Peachtree Street
Atlanta, GA 30309

This the 21st day of January, 2003.

1850 Lake Park Drive, Suite 204        Robert Kaiden
Smyrna, GA 30080                       Attorney for Plaintiffs
Tel (770) 801-9950                     Georgia Bar No.: 406030
Fax (770) 801-0724

**ORIGINAL**

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JAN 21 2003

LUTHER D. THOMAS, Clerk
By: _____
Deputy Clerk



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| PAUL SHIMEK III, | § | |
| KATHY FORBES, | § | |
| GEORGE FORBES, | § | |
| MILDRED BOBBITT, and | § | |
| JOHN ROSA, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION |
| | § | FILE NO.: 1:02-cv-3020-wbh |
| WEISSMAN, NOWACK, CURRY | § | |
| & WILCO, P.C., | § | |
| Defendant. | § | |

## PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

### Table of Contents

| | Page |
|---|---|
| Table of Citations | 2 |
| I. Procedural History | 4 |
| II. Introduction and Factual Background | 4 |
| III. Statement of Question Presented | 5 |
| IV. Argument and Citation of Authorities | 6 |
|     A.    Standard for summary judgment | 6 |
|     B.    The "Least Sophisticated Consumer" standard is used to analyze violations of the Act. | 7 |
|     C.    Defendant failed to effectively convey the validation notice to the least sophisticated consumer in violation of 15 U.S.C. § 1692g(a)(4). | 10 |
|     D.    Defendant's pattern and practice of sending liens to the clerk of the court prior to or simultaneously with sending out dun letters leads to a failure to cease all collection efforts after a consumer requests verification of the debt in violation of 15 U.S.C. § 1692g(b). | 12 |
|     E.    Defendant failed to include the validation notice to the least sophisticated consumer in violation of | |

|  | 15 U.S.C. § 1692g(a)(5). | 15 |
| F. | Defendant knowingly communicate with the consumer after being served with a copy of this lawsuit in violation of 15 U.S.C. § 1692c(a)(2). | 16 |
| G. | Plaintiff reserves the determination of damages for the jury. | 19 |
| V. Conclusion. | | 19 |

*(Plaintiffs' LR 56.1 Statement of Undisputed Material Facts attached to Motion)*

## Table of Citations

*Altergott v. Modern Collection Techniques,* 1994 WL 319229 (N.D. Ill. 1994)

*Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)

*Avila v. Rubin* 84 F.3d 222 (7th Cir. 1996) 597

*Baker v. G.C. Services Corp.* 677 F.2d 775 (9th Cir. 1982)

*Bartlett v. Heibl,* 128 F.3d 497 (7th Cir. 1997)

*Bentley v. Great Lakes Collection Bureau* 6 F.3d 60 (2d Cir. 1993)

*Blackwell v. Professional Business Services of Georgia, Inc.,* 526 F. Supp. 535 (N.D.Ga. 1981)

*Cacace v. Lucas* 775 F. Supp. 502 (D. Conn. 1990)

*Cavallaro v. The Law Offices of Shapiro & Kreisman,* 933 F. Supp. 1148 (E.D.N.Y. 1996)

*Clomon v. Jackson* 988 F.2d 1314 (2d Cir. 1993)

*Graziano v. Harrison* 950 F.2d 107 (3d Cir. 1991)

*Jang v. Miller & Assocs., Inc.,* 122 F.3d 480 (7th Cir. 1997)

*Jeter v. Credit Bureau, Inc.* 760 F.2d 1168 (11th Cir. 1985)

*Loigman v. Kings Landing Condominium Assoc., Inc.*, 324 N.J. Super. 97; 734 A.2d 367 (1999)

*Matsushita Electric Industrial Co. v. Zenith Radio Corp.* 475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)

*McCartney v. First City Bank* 970 F.2d 45 (5th Cir. 1992)

*Moore v. Ingram & Assoc., Inc.*, 805 F. Supp. 7 (D.S.C. 1992)

*Pervete v. Margolin & Meltzger*, 1998 WL 426700 (E.D.N.Y. 1998)

*Pipiles v. Credit Bureau of Lockport, Inc.* 886 F.2d 22 (2d Cir. 1989)

*Riveria v. MAB Collections, Inc.* 682 F. Supp. 174 (W.D.N.Y. 1988)

*Russell v. Equifax A.R.S.* 74 F.3d 30 (2d Cir. 1996)

*Sibley v. Fulton DeKalb Collection Service* 677 F.2d 830 (11th Cir. 1982)

*Shorty v. Capital One Bank*, 90 F. Supp. 2d 1330 (D.N.M. 2000)

*Smith v. Law Offices of Mitchell N. Kay* 124 B.R. 182 (D.Del. 1991)

*Stojanovski v. Strobl and Manoogian, P.C.* 783 F. Supp. 319 (E.D. Mich. 1992)

*Taylor v. Perrin Landry, deLaunay & Durand* 103 F.3d 1232 (5th Cir. 1997)

*United States v. National Financial Services, Inc.* 98 F.3d 131 (4th Cir. 1996)

**Other Authorities:**

15 U.S.C. § 1692 et seq.

Federal Rules of Civil Procedure, Rule 56

Georgia Rules of Professional Conduct, Rule 4.2

## I. PROCEDURAL HISTORY

On November 6, 2002, Plaintiffs Paul Shimek III, Kathy Forbes, George Forbes, Mildred Bobbitt, and John Rosa filed their Complaint and Demand for Jury Trial with this Court, alleging that Defendant Weissman, Nowack, Curry & Wilco, P.C., violated the Fair Debt Collection Practices Act. On or about December 9, 2002, Defendant filed its Answer and Defenses admitting that it had mailed letter(s) seeking to collect a debt from the Plaintiff, but denying that the Fair Debt Collection Practices Act was violated. The defendant has filed a Motion to Dismiss, or in the Alternative Motion for Summary Judgment, and Plaintiffs have filed their Response in Opposition thereto, to which Defendant filed a Reply brief. By consent of the parties, only discovery has been stayed pending the Court's ruling on the Defendant's Motion to Dismiss. Plaintiffs now file this Motion for Partial Summary Judgment and this brief in support thereof.

## II. INTRODUCTION AND FACTUAL BACKGROUND

Plaintiffs bring this action pursuant to the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.--hereinafter the "Act"), seeking statutory damages, actual damages, attorney's fees and costs against defendant for its use of deceptive, and unfair debt collection practices in violation of the Act.

The plaintiffs are homeowners and members of their respective homeowners' associations. Defendant is a debt collector within the meaning of §1692a(6) of the Act, and hired by the homeowners' association to collect past due fees and assessments.

Defendant's dun letters (Exhibits "1", "3" and "5") omitted the §1692g(a)(5) notice, partially omitted the §1692g(a)(4) notice and advises the plaintiffs that a lien has been sent to the clerk of the court to secure the alleged debt.

Upon receipt of the defendant's dun letter but before the lien was recorded with the court, each plaintiff disputed the validity of the debt in writing with the defendant. (Composite Exhibit "2"). In every case, the Clerk of the Superior Court of Cobb County, Georgia, recorded the liens against each of the plaintiffs' properties *before* defendant verified plaintiffs' alleged debts.

Further, after being served with the summons and complaint in the instant action, defendant directly contacted two of the plaintiffs in an attempt to collect the alleged debt. (Exhibits "3", "4", "5" and "6").

## III. STATEMENT OF QUESTIONS PRESENTED

A. Did the defendant fail to effectively convey the validation notice to the Least Sophisticated Consumer in violation of 15 U.S.C. § 1692g(a)(4)?

B. Does the defendant's pattern and practice of sending liens to the clerk of the court prior to or simultaneously with sending out defendant's dun letter lead to a failure to cease all collection efforts after a consumer requests verification of the debt in violation of 15 U.S.C. § 1692g(b)?

C. Did the defendant fail to include the validation notice to the Least Sophisticated Consumer in violation of 15 U.S.C. § 1692g(a)(5)?

D. Did the defendant knowingly communicate with the consumer after being served with a copy of this lawsuit in violation of 15 U.S.C. § 1692c(a)(2)?

## VI. **ARGUMENT AND CITATION OF AUTHORITIES**

### A.   **Standard of review for summary judgment.**

It is respectfully submitted that the plaintiffs will next show sufficient facts to support their stated claims for relief.

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment:

shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone, although there is a genuine issue as to the amount of damages.

The entry of summary judgment is inappropriate where there exists a genuine and material issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

247–48, 106 S. Ct. 2505, 2509–10, 91 L. Ed. 2d 202 (1986). Substantive law defines which facts are material and only disputes over facts that might affect the outcome of the case will defeat summary judgment. *Id.* at 248, 106 S. Ct. at 2510. A factual dispute is genuine if a "reasonable jury could return a verdict for the non-moving party." *Id.* Although all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the non-moving party, once the movant has met its burden of demonstrating the absence of a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts" to prevent its entry. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S. Ct. 1348, 1355–56, 89 L. Ed. 2d 538 (1986). It is not sufficient for the party opposing summary judgment to provide a scintilla of evidence supporting its case. *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 252, 106 S. Ct. at 2512.

**B.     The "Least Sophisticated Consumer" standard is used to analyze violations of the act.**

The FDCPA states that its purpose, in part, is "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). It is designed to protect consumers from unscrupulous collectors, whether or not there is a valid debt. *Baker v. G.C. Services Corp.*, 677 F.2d 775, 777 (9th Cir. 1982). The FDCPA

broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt. 15 U.S.C. §§ 1692d, 1692e, and 1692f and requires the debt collector to provide the consumer with his or her rights, 15 U.S.C. § 1692g, under the Act.

The U.S. Court of Appeals for the Fourth Circuit has held that whether a communication or other conduct violates the FDCPA is to be determined by analyzing it from the perspective of the "least sophisticated debtor." *United States v. National Financial Services, Inc.*, 98 F.3d 131, 135–36 (4th Cir. 1996). "The basic purpose of the least-sophisticated-consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993). "While protecting naive consumers, the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *United States v. National Financial Services, Inc.*, 98 F.3d at 136 (citation omitted). *See also Taylor v. Perrin Landry, deLaunay & Durand*, 103 F.3d 1232, 1236 (5th Cir. 1997); *Russell v. Equifax A.R.S.*, 74 F.3d 30 (2d Cir. 1996); *Avila v. Rubin*, 84 F.3d 222, 226–27 (7th Cir. 1996) ("the standard is low, close to the bottom of the

sophistication meter''); *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60 (2d Cir. 1993); *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993); *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991); *Jeter v. Credit Bur., Inc.*, 760 F.2d 1168 (11th Cir. 1985).

''As the FDCPA is a strict liability statute, proof of one violation is sufficient to support summary judgment for the plaintiff.'' *Cacace v. Lucas*, 775 F. Supp. 502, 505 (D. Conn. 1990). *See also Stojanovski v. Strobl and Manoogian, P.C.*, 783 F. Supp. 319, 323 (E.D. Mich. 1992); *Riveria v. MAB Collections, Inc.*, 682 F. Supp. 174, 178–79 (W.D.N.Y. 1988). ''Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages.'' *Russell v. Equifax A.R.S.*, 74 F.3d at 33. *See also Bentley v. Great Lakes Collection Bureau*, 6 F.3d at 62; *Clomon v. Jackson*, 988 F.2d at 1318. Furthermore, the question of whether the consumer owes the alleged debt has no bearing on a suit brought pursuant to the FDCPA. *McCartney v. First City Bank*, 970 F.2d 45 (5th Cir. 1992); *Baker v. G.C. Services Corp.*, 677 F.2d 775, 777 (9th Cir. 1982).

Whether Weissman, Nowack, Curry & Wilco, P.C. violated the FDCPA must be evaluated from the standpoint of the least sophisticated consumer.

**C.**   **Defendant failed to effectively convey the validation notice to the least sophisticated consumer in violation of 15 U.S.C. § 1692g(a)(4).**

Defendant's dun letters (Exhibits "1", "3" and "5") violated 15 U.S.C. § 1692g(a)(4) by failing to inform plaintiffs that upon written request the debt collector will "obtain . . . a copy of the judgment against the consumer . . ."

An incomplete statement of the 15 U.S.C. §§ 1692g(a)(1) through (5) rights violates the Act. *Baker v. GC Services*, 677 F.2d 775, 777 (9th Cir. 1982), *Pervete v. Margolin & Meltzger*, 1998 WL 426700 (E.D.N.Y. 1998) (failure to include the information required by §1692g(a)(4) violated the FDCPA); *Altergott v. Modern Collection Techniques*, 1994 WL 319229 (N.D. Ill. 1994) (debt collector's letter

exists is not misleading. Id. at 538-39. See also *Jang v. Miller & Assocs., Inc.,* 122 F.3d 480, 484 (7th Cir. 1997)(a dun letter cannot be false, misleading or deceptive by tracking the language of the statute); *Moore v. Ingram & Assoc., Inc.,* 805 F. Supp. 7, 8-9 (D.S.C. 1992)(language about a judgment was not misleading even though no judgment existed); and *Shorty v. Capital One Bank,* 90 F. Supp. 2d 1330, 1332-3 (D.N.M. 2000)(a debt collection letter that follows the notice requirements of §1692g is not, as a matter of law, deceptive).

Further, the Court in *Moore* held that referring to the judgment in the notice is just an alternative means to confirming the debt since the least sophisticated consumer understands that through the use of the word "or" one of the two alternative methods of verifying the debt can be taken. The court explicitly rejected the collector's argument that "or" would be misleading unless both of the alternatives would apply to the situation. *Moore,* 805 F. Supp. at 9.

In this case, defendant states that "a lien has been sent to the Clerk of Court to secure this sum." (Exhibits "1", "3" and "5"). Defendant does not have to include information or language regarding the lien in this first collection notice, but it chooses to do so because it is an effective collection tool. However, to the least sophisticated consumer, a "lien" being "sent to the Clerk of Court" can be easily associated with a judgment having been entered against them "to secure [the

11

debt]". Therefore, to provide the complete notice would fulfill the purpose of § 1692g(a)(4) because it would serve to clarify to the least sophisticated consumer that the lien arose by operation of law and not by judgment.

Therefore, if defendant chooses to invoke lien language, then it must provide the complete § 1692g(a)(4) notice as Congress intended debt collectors to do.

Plaintiffs should be awarded Summary Judgment since defendant failed to include the information required by the § 1692g(a)(4) notice.

**D.**     **Defendant's pattern and practice of sending liens to the clerk of the court prior to or simultaneously with sending out dun letters leads to a failure to cease all collection efforts after a consumer requests verification of the debt in violation of 15 U.S.C. § 1692g(b).**

Defendant engaged in the reckless pattern and practice of sending liens to the Clerk of the Superior Court, prior to or contemporaneously with, sending out its initial dun letter to plaintiffs. Consequently, defendant violated §1692g(b) by causing, failing to recall and/or allowing the recording of said liens against the consumer's property after the consumer requested verification of the debt in writing.

The case in point is *Loigman v. Kings Landing Condominium Assoc., Inc.*, 324 N.J. Super. 97, 101; 734 A.2d 367, 369 (1999). The court encountered a similar set of circumstances where a debt collector, in its initial dun letter, would threaten the filing of a lien for failure of payment of condominium association

12

dues, but after receiving request for validation proceeded to file the lien even though validation of the debt was only provided later.

In *Loigman,* the court stated that once it is unchallenged that plaintiffs wrote to dispute the validity of the debt, from that moment on and until verification of the debt is provided, the debt collector is "obligated to cease all collection efforts" or be in violation of §1692g(b). Id. at 107. The court also held that the "recording of the lien with the county clerk" is an attempt to collect a debt. Id.

In the instant case, Plaintiff Shimek can show this court the following: that he received his first collection notice from defendant on or about May 16, 2002 (Exhibit "1"); that he not only paid, but also disputed the validity of the debt on May 28, 2002 (Exhibit "2"); that the defendant recorded a lien against his property on June 4, 2002 (Exhibit "7"); but that Shimek only received verification of the debt on or about July 3, 2002 (Composite Exhibit "8"); and that his lien was finally canceled by defendant on August 16, 2002 (Exhibit "9").

Likewise, Plaintiffs Forbes can show this court the following: that they received their first collection notice from defendant on or about May 6, 2002 (Exhibit "1"); that they disputed the validity of the debt on May 12, 2002 (Exhibit "2"); that the defendant recorded a lien against his property on May 15, 2002 (Exhibit "10"); and defendant has never validated the debt.

13

Finally, Plaintiffs Bobbitt and Rosa can show this court the following: that they received their first collection notice from defendant on or about June 19, 2002 (Exhibit "1"); that they disputed the validity of the debt on June 24, 2002 (Exhibit "2"); that the defendant recorded a lien against plaintiffs' property on July 10, 2002 (Exhibit "11"); but that Bobbitt and Rosa only received verification of the debt on or about September 13, 2002 (Exhibit "12").

Confronted with the fact that all liens were filed after the plaintiffs requested verification of the debt, defendant will claim that it is not responsible for the internal operating procedures of the Clerk of the Superior Court of Cobb County. However, §1692g(b) of the Act places the responsibility to discontinue any pending collection activities squarely on the shoulders of the debt collector who initiated the collection action through its dun letter. The debt collector sets in motion the process. The debt collector is in the driver's seat and very much controls what is done thereafter if it chooses. If the collection activity is to stop while the collector verifies the debt, the collector cannot choose to do nothing and place responsibility on the court in which the lien was sent to be filed. If the debt collector chooses to engage in the reckless pattern and practice of sending liens to the Clerk of the Superior Court, prior to or contemporaneously with, sending out its initial dun letter to plaintiffs, then to avoid violating §1692g(b) of the Act,

14

positive action on part of the collector is necessary when consumer requests verification of the debt in writing.

Since all plaintiffs can show that the recording of the liens by defendant occurred even though defendant was obligated to cease all collection efforts, it is undisputed that Defendant violated §1692g(b), and that plaintiffs are entitled to summary judgment.

**E.** **Defendant failed to include the validation notice to the least sophisticated consumer in violation of 15 U.S.C. § 1692g(a)(5).**

Plaintiffs' complaint alleges that defendant violated § 1692g(a)(5) of the Act because it failed to provide the following notice in its dun letter: "upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor."

In *Cavallaro v. The Law Offices of Shapiro & Kreisman*, 933 F. Supp. 1148, 1154 (E.D.N.Y. 1996), even though the original and the current creditor are one and the same, the court found § 1692g(a)(5) to be satisfied only where the debt collector expressly identified the original creditor and its *address* in its dun letter.

In *Bartlett v. Heibl*, 128 F.3d 497, 501-502 (7th Cir. 1997), the court requires that the notice be given to the consumer and, in fact, it includes the notice in its model letter. Id. at 498-499, 501-502.

In this case, it is undisputed that the defendant failed to provide the notice required by § 1692g(a)(5), or in the alternative to provide both the name and address of the creditors in question.

The requirement of § 1692g(a)(5) is to give the least sophisticated consumer an opportunity to obtain not only the name, but also the *address* of the creditor. Congress gave the consumer the right to obtain this information. For instance, armed with the information requested through § 1692g(a)(5), the consumer can bypass the debt collector and dispute the debt directly with the creditor. 15 USC § 1692c(c).

Plaintiffs should be awarded Summary Judgment since defendant failed to include the § 1692g(a)(5) notice, or in the alternative to include the name and *address* of the creditor.

**F.     Defendant knowingly communicate with the consumer after being served with a copy of this lawsuit in violation of 15 U.S.C. § 1692c(a)(2).**

Defendant violated §1692c(a)(2) by knowingly communicating directly with the plaintiffs when the debt collector had actual knowledge that counsel represented the plaintiffs.

It is undisputed that defendant was served through its named partner and registered agent for service of process, Linda B. Curry, Esq. with a summons and complaint on November 6, 2002. (See return of service Exhibit "13"). It is also

undisputed that on November 18, 2002, defendant sent four letters to plaintiffs

Bobbitt and Rosa addressed as follows: Mildred Coffey Bobbitt, c/o Phillip L.

Bobbitt, 840 Kennesaw Ave, Ste. 9, Marietta, GA 30060; John Rosa c/o Phillip L.

Bobbitt, 840 Kennesaw Ave, Ste. 9, Marietta, GA 30060 (Exhibits "3" and "4");

and John Rosa, 6282 Cheatham Lake Drive, Acworth, GA 30101; and Mildred

Coffey Bobbitt, 6282 Cheatham Lake Drive, Acworth, GA 30101. Copies of these

letters are attached hereto as Exhibits "5" and "6" respectively.

Count VII of the amended complaint shows that defendant violated

§1692c(a)(2) by bypassing counsel and communicating directly with plaintiffs. In

its Motion to Dismiss, defendant seeks a waiver from this court because defendant

claims that it sent the offending letters to Phillip Bobbitt, Esq., instead of Kaiden &

Kaiden, LLC. However, defendant had actual notice that Kaiden & Kaiden, LLC

was representing plaintiffs Mildred Bobbitt and John Rosa since service of the

Summons and Complaint was served on their named partner and registered agent,

Linda B. Curry, Esq. Kaiden & Kaiden, LLC had no reason to send defendant

letters, e-mails, faxes, correspondence, or telephone calls notifying defendant

which attorney was of record in this case, since service of a federal lawsuit is the

best and highest notice of representation.

17

As if failure to communicate only with the attorneys of record was not bad enough, defendant sent two more letters, Exhibits "5" and "6", directly to plaintiffs via First Class Mail and Certified Mail Return Receipt Requested. It is obvious that defendant was relentless in their collection campaign against these two plaintiffs since not only did they feel that it was necessary to communicate with them directly via First Class Mail, but also they assured receipt of their dun letters via Certified Mail Return Receipt Requested; that is, defendant communicated or attempted to communicate directly with these two plaintiffs not just once, but twice. The court should notice that this direct contact is not only in violation of 15 U.S.C. §1692c(a), but also of the Georgia Rules of Professional Conduct, Rule 4.2 Communication with Person Represented by Counsel, State Bar of Georgia 2002-2003 Directory and Handbook, page H-44.

Plaintiffs should be awarded Summary Judgment since these exhibits clearly show that defendant had every intention of communicating directly with the plaintiffs, without the plaintiffs' prior consent, or the express permission of the court in violation of 15 U.S.C. §1692c(a)(2), and Georgia Rules of Professional Conduct, Rule 4.2 Communication with Person Represented by Counsel, State Bar of Georgia 2002-2003 Directory and Handbook, page H-44.

18

**G.     Plaintiff Reserves the Determination of Damages for the Jury.**

By this motion, the Plaintiff seeks only an award of partial summary judgment with regard to the Defendant's liability for violations of the Fair Debt Collection Practices Act. The determination of damages, as requested in the Complaint, is reserved for trial by jury. *Sibley v. Fulton DeKalb Collection Services*, 677 F.2d 830 (11th Cir. 1982). *See also Smith v. Law Offices of Mitchell N. Kay*, 124 B.R. 182 (D.Del. 1991).

After the determination of liability and damages, Plaintiff will seek an award of attorney's fees pursuant to the Fair Debt Collection Practices Act. 15 U.S.C. § 1692k(a)(3). "Because the FDCPA was violated, however, the statute requires the award of costs and reasonable attorney's fee . . ." *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d at 28. *See also Graziano v. Harrison*, 950 F.2d at 113.

## V. CONCLUSION

Defendant Weissman, Nowack, Curry & Wilco, P.C.'s collection letter(s), (Exhibits "1", "3" and "5") violated the Fair Debt Collection Practices Act by (1) failing to convey the validation notice required by §1692g(a)(4) of the Act, (2) failing to cease all collection efforts after the consumer requested verification of the debt in violation of §1692g(b) of the Act, (3) omitting the validation notice required by §1692g(a)(5) of the Act; and (4) knowingly communicating with the

plaintiffs after being served a copy of this action in violation of §1692c(a)(2) of the

Act. Applying the least sophisticated consumer standard of analysis, partial

summary judgment on the question of liability should be awarded in favor of the

plaintiffs on these violations. Plaintiffs request that damages be determined at a

trial before jury as requested in their Complaint.

Respectfully submitted,

| | |
|---|---|
| 1850 Lake Park Drive, Suite 204 | Robert Kaiden |
| Smyrna, GA 30080 | Attorney for Plaintiffs |
| Tel (770) 801-9950 | Georgia Bar No.: 406030 |
| Fax (770) 801-0724 | |

| | |
|---|---|
| 1850 Lake Park Drive, Suite 204 | Cristina Kaiden |
| Smyrna, GA 30080 | Attorney for Plaintiffs |
| Tel (770) 801-9950 | Georgia Bar No.: 406018 |
| Fax (770) 801-0724 | |

## LOCAL RULE 5.1 CERTIFICATION

Counsel certifies that the foregoing document was prepared in accordance with the type and font selection approved by Local Rule 5.1 in Times New Roman using a 14 point font.

| | |
|---|---|
| 1850 Lake Park Drive, Suite 204 | Robert Kaiden |
| Smyrna, GA 30080 | Attorney for Plaintiffs |
| Tel (770) 801-9950 | Georgia Bar No.: 406030 |
| Fax (770) 801-0724 | |

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served opposing counsel with a copy of the foregoing pleading in a properly addressed envelope with adequate postage affixed thereon to:

Mr. Derek Johanson, Esq.
Weisman, Nowack, Curry & Wilco, P.C.
Two Midtown Plaza, 15th Floor
1349 West Peachtree Street
Atlanta, GA 30309

This the 21st day of January, 2003.

1850 Lake Park Drive, Suite 204          Robert Kaiden
Smyrna, GA 30080                         Attorney for Plaintiffs
Tel (770) 801-9950                       Georgia Bar No.: 406030
Fax (770) 801-0724

WEISSMAN, NOWACK, CURRY & WILCO, P.C.

ATTORNEYS

TWO MIDTOWN PLAZA • 15TH FLOOR
1349 WEST PEACHTREE STREET
ATLANTA, GEORGIA 30309

TELEPHONE
404 · 885 · 9215
FACSIMILE
404 · 885 · 9214

May 16, 2002

Paul Shimek
706 Larkspur Boulevard
Acworth, GA 30102

    Re:  706 Larkspur Boulevard, Acworth, GA 30102

Dear Mr.  Shimek:

    This firm represents Chestnut Hill Homeowners Association, Inc.. Our client's records show that you are the owner of property at Chestnut Hill.  If this information is not correct, please notify us.

    Our client's records indicate that, as of the date of this letter, you owe a total of $260.00 in past due assessments and charges to Chestnut Hill Homeowners Association, Inc..  This firm has been engaged to collect this debt.  This letter is to notify you that, pursuant to the governing documents for Chestnut Hill Homeowners Association, Inc., a lien has been sent to the Clerk of Court to secure this sum.

    You have thirty (30) days after you receive this letter to dispute the validity of the debt or any part of it.  If you do not dispute the above-referenced debt within that period, we can assume that the debt is valid.  If you dispute it, by notifying us in writing to that effect, we will, as required by law, obtain and mail verification of the debt to you.

    If you want to resolve this matter, you must, no later than thirty (30) days after your receipt of this letter, either pay $260.00 or notify us that you dispute the debt.  Although we have requested that you pay $260.00 within thirty (30) days following your receipt of this letter, our request does not eliminate your right to dispute this debt within the same thirty (30) day period (i.e. within thirty (30) days of receipt of this letter).  If you dispute this debt by notifying us in writing, we will cease any efforts to collect the debt until we have mailed verification of this debt to you.

    All payments must be made by cashier's check or money order, payable to the Association and sent to this office.  If you have any questions, please contact our collection department for assistance.  This letter is an attempt to collect a debt, and any information obtained will be used for that purpose.

Sincerely,

*Julie Howard*

Julie Howard

PLAINTIFF'S
EXHIBIT
Composite,
Exh 1"

/.

WEISSMAN, NOWACK, CURRY & WILCO, P.C.

ATTORNEYS

TWO MIDTOWN PLAZA • 15TH FLOOR
1349 WEST PEACHTREE STREET
ATLANTA, GEORGIA 30309
TELEPHONE
404 · 885 · 9215
FACSIMILE
404 · 885 · 9214

May 6, 2002

Kathy Forbes
4503 Grapevine Court
Acworth, GA 30102

    Re:  4503 Grapevine Court, Acworth, GA 30102

Dear Ms. Forbes:

    This firm represents Chestnut Hill Homeowners Association, Inc.. Our client's records show that you are the owner of property at Chestnut Hill. If this information is not correct, please notify us.

    Our client's records indicate that, as of the date of this letter, you owe a total of $540.00 in past due assessments and charges to Chestnut Hill Homeowners Association, Inc.. This firm has been engaged to collect this debt. This letter is to notify you that, pursuant to the governing documents for Chestnut Hill Homeowners Association, Inc., a lien has been sent to the Clerk of Court to secure this sum.

    You have thirty (30) days after you receive this letter to dispute the validity of the debt or any part of it. If you do not dispute the above-referenced debt within that period, we can assume that the debt is valid. If you dispute it, by notifying us in writing to that effect, we will, as required by law, obtain and mail verification of the debt to you.

    If you want to resolve this matter, you must, no later than thirty (30) days after your receipt of this letter, either pay $540.00 or notify us that you dispute the debt. Although we have requested that you pay $540.00 within thirty (30) days following your receipt of this letter, our request does not eliminate your right to dispute this debt within the same thirty (30) day period (i.e. within thirty (30) days of receipt of this letter). If you dispute this debt by notifying us in writing, we will cease any efforts to collect the debt until we have mailed verification of this debt to you.

    All payments must be made by cashier's check or money order, payable to the Association and sent to this office. If you have any questions, please contact our collection department for assistance. This letter is an attempt to collect a debt, and any information obtained will be used for that purpose.

Sincerely,

Julie Howard

2

# WEISSMAN, NOWACK, CURRY & WILCO, P.C.

ATTORNEYS

TWO MIDTOWN PLAZA • 15TH FLOOR
1349 WEST PEACHTREE STREET
ATLANTA, GEORGIA 30309
TELEPHONE
404 · 885 · 9215
FACSIMILE
404 · 885 · 9214

May 6, 2002

George Forbes
4503 Grapevine Court
Acworth, GA 30102

Re: 4503 Grapevine Court, Acworth, GA 30102

Dear Mr. Forbes:

This firm represents Chestnut Hill Homeowners Association, Inc.. Our client's records show that you are the owner of property at Chestnut Hill. If this information is not correct, please notify us.

Our client's records indicate that, as of the date of this letter, you owe a total of $540.00 in past due assessments and charges to Chestnut Hill Homeowners Association, Inc.. This firm has been engaged to collect this debt. This letter is to notify you that, pursuant to the governing documents for Chestnut Hill Homeowners Association, Inc., a lien has been sent to the Clerk of Court to secure this sum.

You have thirty (30) days after you receive this letter to dispute the validity of the debt or any part of it. If you do not dispute the above-referenced debt within that period, we can assume that the debt is valid. If you dispute it, by notifying us in writing to that effect, we will, as required by law, obtain and mail verification of the debt to you.

If you want to resolve this matter, you must, no later than thirty (30) days after your receipt of this letter, either pay $540.00 or notify us that you dispute the debt. Although we have requested that you pay $540.00 within thirty (30) days following your receipt of this letter, our request does not eliminate your right to dispute this debt within the same thirty (30) day period (i.e. within thirty (30) days of receipt of this letter). If you dispute this debt by notifying us in writing, we will cease any efforts to collect the debt until we have mailed verification of this debt to you.

All payments must be made by cashier's check or money order, payable to the Association and sent to this office. If you have any questions, please contact our collection department for assistance. This letter is an attempt to collect a debt, and any information obtained will be used for that purpose.

Sincerely,

Julie Howard

3.

## WEISSMAN, NOWACK, CURRY & WILCO, P.C.

### ATTORNEYS

TWO MIDTOWN PLAZA • 15TH FLOOR
1349 WEST PEACHTREE STREET
ATLANTA, GEORGIA 30309
TELEPHONE
404·885·9215
FACSIMILE
404·885·9214

June 19, 2002

Mildred Coffey Bobbitt
c/o Phillip L. Bobbitt
840 Kennesaw Avenue, Ste 9
Marietta, GA 30060

Re: 6282 Cheatham Lake Drive, Acworth, GA 30101

Dear Mr. Bobbitt:

This firm represents Cheatham Lakes Homeowners Association, Inc.. Our client's records show that you are the owner of property at Cheatham Lakes. If this information is not correct, please notify us.

Our client's records indicate that, as of the date of this letter, you owe a total of $813.50 in past due assessments and charges to Cheatham Lakes Homeowners Association, Inc.. This firm has been engaged to collect this debt. This letter is to notify you that, pursuant to the governing documents for Cheatham Lakes Homeowners Association, Inc., a lien has been sent to the Clerk of Court to secure this sum.

You have thirty (30) days after you receive this letter to dispute the validity of the debt or any part of it. If you do not dispute the above-referenced debt within that period, we can assume that the debt is valid. If you dispute it, by notifying us in writing to that effect, we will, as required by law, obtain and mail verification of the debt to you.

If you want to resolve this matter, you must, no later than thirty (30) days after your receipt of this letter, either pay $813.50 or notify us that you dispute the debt. Although we have requested that you pay $813.50 within thirty (30) days following your receipt of this letter, our request does not eliminate your right to dispute this debt within the same thirty (30) day period (i.e, within thirty (30) days of receipt of this letter). If you dispute this debt by notifying us in writing, we will cease any efforts to collect the debt until we have mailed verification of this debt to you.

All payments must be made by cashier's check or money order, payable to the Association and sent to this office. If you have any questions, please contact our collection department for assistance. This letter is an attempt to collect a debt, and any information obtained will be used for that purpose.

Sincerely,

LAW OFFICES

# PAUL SHIMEK III

216 ALEXANDER STREET
MARIETTA, GEORGIA 30060
TELEPHONE
(770) 424-1913
FAX
(770) 424-9393

ADMITTED IN GEORGIA & FLORIDA

H. DARRELL GREENE
OF COUNSEL

May 28, 2002

**VIA CERTIFIED MAIL**
**#7001 1140 0002 2574 9847**

Julie Howard
Weissman, Nowack, Curry & Wilco, P.C.
Two Midtown Plaza,
15th Floor
1349 West Peachtree Street
Atlanta, GA 30309

Re: Consumer Debt Collection
    Your Client: Chestnut Hill Homeowners Association, Inc.
    Property: 706 Larkspur Blvd., Acworth, GA 30102

Dear Ms. Howard:

    This letter is in response to your letter dated May 16, 2002, a copy of which is enclosed. All communication with the debtor must be through this office only. Please be advised that pursuant to 15 U.S.C. §1692 et seq., demand is hereby made that you do the following:

1. Verify the above-referenced debt, noting that the validity of said debt is disputed;

2. Provide verification of the alleged debt or a copy of a judgment if one exists;

3. Provide the name and address of the original creditor;

4. Not communicate with anyone other than the undersigned with respect to this debt;

5. Communicate with the undersigned only in writing to the address listed above;

6. Cease all communication with third parties, pursuant to 15 U.S.C. §1692c; and

7. If this debt has been reported to any credit reporting agency or creditor, by reporting the alleged debt as being disputed.

    ***Please be advised that pursuant to 15 U.S.C. §1692g, proper verification includes a copy of minutes of the association's meeting wherein the 1999 membership rate increase was discussed and established.*** I do not believe the sum was lawfully assessed, and for over two years I have requested these documents from your client but was repeatedly ignored and ultimately refused.



PLAINTIFF'S
EXHIBIT
COMPOSITE
Ex "2"

/.

Page 2

Be further advised that your client was paid in full this year and was *overpaid* in the two previous years; nevertheless, I am enclosing herewith a money order in the amount of $260.00, which is being sent *under protest.*

Thank you in advance for your cooperation in this matter.

Sincerely,

Paul Shimek III

Encl.

2.

THE FACE OF THIS CHECK HAS A SECURITY VOID BACKGROUND PATTERN - DO NOT CASH IF THE WORD VOID IS VISIBLE

# LOCKHEED

Georgia Employees' Federal Credit Union
P.O. Box 1198 · Marietta, Georgia 30061

**093820**

21 0000093820

03/26/02

PAY   *** TWO HUNDRED SIXTY DOLLARS AND 00 CENTS ***

$260.00

FROM

TO THE ORDER OF:

*Chestnut Hill Homeowners*
*Association, Inc.*

**MONEY ORDER**

VOID AFTER THIRTY DAYS
LOCKHEED GEORGIA EMPLOYEES' FEDERAL CREDIT UNION

**XXUNDER PROTESTXX**

ASSISTANT TREASURER

⑈093820⑈ ⑆261171480⑆710087446000 7⑈

May 12, 2002



Weissman, Nowack, Curry & Wilco, P. C.
Two Midtown Plaza – 15th Floor
1349 West Peachtree Street
Atlanta, Georgia 30309

To Whom It May Concern:

I am in receipt of your letter, dated May 6, 2002, regarding the non-payment of my annual homeowners fee to the Chestnut Hill Homeowners Association, and the subsequent decision to place a lien on my property.

I cannot dispute the non-payment. However, I have done so as a direct result of the Homeowners Association inaction as relates to a communication (letter) that was sent to them in January 2002 regarding pool keys from last year. We paid our fee's last year and were never provided access to the clubhouse or pool after numerous phone calls and requests. I stated in a letter to the Association that I would pay this year's fee, in person, only after I was provided the keys. My family was unable to use any of the facilities last year, even after paying all fees. I also dispute any amount above the actual homeowners fee of $455.00.

Please contact me at your earliest convenience to discuss this matter so that it can be cleared up as quickly as possible.

Sincerely,


George T. Forbes
Kathy M. Forbes
4503 Grapevine Court
Acworth, GA.  30102
(770) 924-3818

*4.*

LAW OFFICES

# BOBBITT & ASSOCIATES, P.C.

840 KENNESAW AVE. N.W.

SUITE 9

MARIETTA, GEORGIA 30060

(678) 784-2980

PHILLIP L. BOBBITT
————
DANIEL L. CAMP
HERSCHEL H. HAMLEN, JR.
L. CRAIG PARKER
OF COUNSEL

FACSIMILE: (678) 784-2985
EMAIL: bobbitt@MSN.com

June 24, 2002

WEISSMAN, NOWACK CURRY & WILCON, P.C.
ATTN.:  MARK A. MOORE
TWO MIDTOWN PLAZA, 15TH FLOOR
1349 WEST PEACHTREE STREET
ATLANTA, GEORGIA  30309

     Ref.:  John Rosa/Mildred Bobbitt
         6282 Cheatham Lake Drive, Acworth, GA.  30101

Dear Mr. Moore:

    When Ms. Bobbitt and Mr. Rosa took over ownership of the above referenced property (March of 2001), they were advised by the seller/transferror that "the homeowners association had voted down a $300.00 per year fee".  Therefore "there are no yearly fees due whatsoever".

    Please do consider this a disputed debt.  We would further request an itemized breakdown of charges and an accounting of the funds collected by the Homeowners Association, in addition to an explanation as to how Ms. Bobbitt and Mr. Rosa are liable for these fees.  Thanking you in advance for your prompt attention to this matter.

                Sincerely,

                Phillip L. Bobbitt

5.

# WEISSMAN, NOWACK, CURRY, & WILCO, P.C.
### ATTORNEYS
TWO MIDTOWN PLAZA · 15TH FLOOR
1349 WEST PEACHTREE STREET
ATLANTA, GEORGIA 30309
TELEPHONE
404·885·9215
FACSIMILIE
404·885·9214

November 18, 2002
CERTIFIED MAIL NO. 0002 5795 2144
RETURN RECEIPT REQUESTED

Mildred Coffey Bobbitt
c/o Phillip L. Bobbitt
840 Kennesaw Avenue, Ste 9
Marietta, GA 30060

Re: 6282 Cheatham Lake Drive, Acworth, GA 30101

Dear Ms. Bobbitt:

This firm represents Cheatham Lakes Homeowners Association, Inc. Our client's records show that you are the owner of property at Cheatham Lakes. If this information is not correct, please notify us.

Our client's records show that, as of the date of this letter, you owe a total of $777.00 in past due assessments and other charges to Cheatham Lakes Homeowners Association, Inc. This firm has been engaged to collect this debt. Please be advised that, pursuant to the governing legal documents for Cheatham Lakes Homeowners Association, Inc., a lien on your property is being forwarded to the Clerk of Court to secure this sum.

You have thirty (30) days after you receive this letter to dispute the validity of the debt or any part of it. If you do not dispute the above-referenced debt within that period, we can assume that the debt is valid. If you dispute it, by notifying us in writing to that effect, we will, as required by law, obtain and mail verification of the debt to you.

If you want to resolve this matter without a lawsuit, you must, no later than thirty (30) days after your receipt of this letter, either pay $777.00 or notify us that you dispute the debt. If you fail to make this payment, or notify us of any dispute, we will be entitled, after the expiration of the thirty (30) day period, to file suit against you. Under the governing legal documents, a delinquent owner loses the option to pay this annual assessment in installments and the payment of the remaining amount is accelerated. The suit will seek to recover the amount of the remaining unpaid annual assessment, collection of additional late charges, interest at the rate of (18.0%) per annum, costs of collection and reasonable attorney's fees actually incurred.

Although we have requested that you pay $777.00 within thirty (30) days following your receipt of this letter, our request does not eliminate your right to dispute this debt within the same thirty (30) day period (i.e. within thirty (30) days of receipt of this letter). If you dispute this debt by notifying us in writing, we will cease any efforts to collect the debt until we have mailed verification of this debt to you.

All payments must be made by cashier's check or money order, payable to the Association and sent to this office. If you have any questions, please contact our collection department for assistance. This letter is an attempt to collect a debt, and any information obtained will be used for that purpose.

Sincerely,

Mark A. Moore

cc: First Class Mail

PLAINTIFF'S
EXHIBIT
"3"

# WEISSMAN, NOWACK, CURRY, & WILCO, P.C.

### ATTORNEYS

TWO MIDTOWN PLAZA · 15TH FLOOR
1349 WEST PEACHTREE STREET
ATLANTA, GEORGIA 30309

TELEPHONE
404·885-9215

FACSIMILIE
404·885-9214

November 18, 2002

John Rosa
c/o Phillip L. Bobbitt
840 Kennesaw Avenue, Ste 9
Marietta, GA 30060

    Re: 6282 Cheatham Lake Drive, Acworth, GA 30101

Dear Mr. Rosa:

    This firm represents Cheatham Lakes Homeowners Association, Inc. Our client's records show that you are the owner of property at Cheatham Lakes. If this information is not correct, please notify us.

    Our client's records show that, as of the date of this letter, you owe a total of $777.00 in past due assessments and other charges to Cheatham Lakes Homeowners Association, Inc. This firm has been engaged to collect this debt. Please be advised that, pursuant to the governing legal documents for Cheatham Lakes Homeowners Association, Inc., a lien on your property is being forwarded to the Clerk of Court to secure this sum.

    You have thirty (30) days after you receive this letter to dispute the validity of the debt or any part of it. If you do not dispute the above-referenced debt within that period, we can assume that the debt is valid. If you dispute it, by notifying us in writing to that effect, we will, as required by law, obtain and mail verification of the debt to you.

    If you want to resolve this matter without a lawsuit, you must, no later than thirty (30) days after your receipt of this letter, either pay $777.00 or notify us that you dispute the debt. If you fail to make this payment, or notify us of any dispute, we will be entitled, after the expiration of the thirty (30) day period, to file suit against you. Under the governing legal documents, a delinquent owner loses the option to pay this annual assessment in installments and the payment of the remaining amount is accelerated. The suit will seek to recover the amount of the remaining unpaid annual assessment, collection of additional late charges, interest at the rate of (18.0%) per annum, costs of collection and reasonable attorney's fees actually incurred.




WEISSMAN, NOWACK, CURRY & WILCO, P.C.
ATTORNEYS
TWO MIDTOWN PLAZA • 15TH FLOOR
1349 WEST PEACHTREE STREET
ATLANTA, GEORGIA 30309

7000 1670 0002 5795 2120

Mr.  John Rosa
c/o Phillip L. Bobbitt
840 Kennesaw Avenue, Ste 9
Marietta, GA 30060

30060+7933 74



Ms.  Mildred Coffey Bobbitt
c/o Phillip L. Bobbitt
840 Kennesaw Avenue, Ste 9
Marietta, GA 30060

7000 1670 0002 5795 2144

ATTORNEYS
TWO MIDTOWN PLAZA • 15TH FLOOR
1349 WEST PEACHTREE STREET
ATLANTA, GEORGIA 30309

PLAINTIFF'S EXHIBIT

# WEISSMAN, NOWACK, CURRY, & WILCO, P.C.
## ATTORNEYS

TWO MIDTOWN PLAZA · 15TH FLOOR
1349 WEST PEACHTREE STREET
ATLANTA, GEORGIA 30309
TELEPHONE
404·885·9215
FACSIMILIE
404·885·9214

November 18, 2002
CERTIFIED MAIL NO. 0002 5795 2151
RETURN RECEIPT REQUESTED

Mildred Coffey Bobbitt
6282 Cheatham Lake Drive
Acworth, GA 30101

Re:  6282 Cheatham Lake Drive, Acworth, GA 30101

Dear Ms. Bobbitt:

This firm represents Cheatham Lakes Homeowners Association, Inc. Our client's records show that you are the owner of property at Cheatham Lakes. If this information is not correct, please notify us.

Our client's records show that, as of the date of this letter, you owe a total of $777.00 in past due assessments and other charges to Cheatham Lakes Homeowners Association, Inc. This firm has been engaged to collect this debt. Please be advised that, pursuant to the governing legal documents for Cheatham Lakes Homeowners Association, Inc., a lien on your property is being forwarded to the Clerk of Court to secure this sum.

You have thirty (30) days after you receive this letter to dispute the validity of the debt or any part of it. If you do not dispute the above-referenced debt within that period, we can assume that the debt is valid. If you dispute it, by notifying us in writing to that effect, we will, as required by law, obtain and mail verification of the debt to you.

If you want to resolve this matter without a lawsuit, you must, no later than thirty (30) days after your receipt of this letter, either pay $777.00 or notify us that you dispute the debt. If you fail to make this payment, or notify us of any dispute, we will be entitled, after the expiration of the thirty (30) day period, to file suit against you. Under the governing legal documents, a delinquent owner loses the option to pay this annual assessment in installments and the payment of the remaining amount is accelerated. The suit will seek to recover the amount of the remaining unpaid annual assessment, collection of additional late charges, interest at the rate of (18.0%) per annum, costs of collection and reasonable attorney's fees actually incurred.

Although we have requested that you pay $777.00 within thirty (30) days following your receipt of this letter, our request does not eliminate your right to dispute this debt within the same thirty (30) day period (i.e. within thirty (30) days of receipt of this letter). If you dispute this debt by notifying us in writing, we will cease any efforts to collect the debt until we have mailed verification of this debt to you.

All payments must be made by cashier's check or money order, payable to the Association and sent to this office. If you have any questions, please contact our collection department for assistance. This letter is an attempt to collect a debt, and any information obtained will be used for that purpose.

Sincerely,

Mark A. Moore

cc:  First Class Mail

PLAINTIFF'S
EXHIBIT
"5"

# WEISSMAN, NOWACK, CURRY, & WILCO, P.C.

### ATTORNEYS

TWO MIDTOWN PLAZA · 15TH FLOOR
1349 WEST PEACHTREE STREET
ATLANTA, GEORGIA 30309

TELEPHONE
404·885·9215

FACSIMILE
404·885·9214

November 18, 2002
CERTIFIED MAIL NO. 0002 5795 2137
RETURN RECEIPT REQUESTED

John Rosa
6282 Cheatham Lake Drive
Acworth, GA 30101

Re: 6282 Cheatham Lake Drive, Acworth, GA 30101

Dear Mr. Rosa:

This firm represents Cheatham Lakes Homeowners Association, Inc. Our client's records show that you are the owner of property at Cheatham Lakes. If this information is not correct, please notify us.

Our client's records show that, as of the date of this letter, you owe a total of $777.00 in past due assessments and other charges to Cheatham Lakes Homeowners Association, Inc. This firm has been engaged to collect this debt. Please be advised that, pursuant to the governing legal documents for Cheatham Lakes Homeowners Association, Inc., a lien on your property is being forwarded to the Clerk of Court to secure this sum.

You have thirty (30) days after you receive this letter to dispute the validity of the debt or any part of it. If you do not dispute the above-referenced debt within that period, we can assume that the debt is valid. If you dispute it, by notifying us in writing to that effect, we will, as required by law, obtain and mail verification of the debt to you.

If you want to resolve this matter without a lawsuit, you must, no later than thirty (30) days after your receipt of this letter, either pay $777.00 or notify us that you dispute the debt. If you fail to make this payment, or notify us of any dispute, we will be entitled, after the expiration of the thirty (30) day period, to file suit against you. Under the governing legal documents, a delinquent owner loses the option to pay this annual assessment in installments and the payment of the remaining amount is accelerated. The suit will seek to recover the amount of the remaining unpaid annual assessment, collection of additional late charges, interest at the rate of (18.0%) per annum, costs of collection and reasonable attorney's fees actually incurred.

Although we have requested that you pay $777.00 within thirty (30) days following your receipt of this letter, our request does not eliminate your right to dispute this debt within the same thirty (30) day period (i.e. within thirty (30) days of receipt of this letter). If you dispute this debt by notifying us in writing, we will cease any efforts to collect the debt until we have mailed verification of this debt to you.

All payments must be made by cashier's check or money order, payable to the Association and sent to this office. If you have any questions, please contact our collection department for assistance. This letter is an attempt to collect a debt, and any information obtained will be used for that purpose.

Sincerely,

*Mark Moor*

Mark A. Moore

cc: First Class Mail

PLAINTIFF'S
EXHIBIT
"5"

2



**WEISSMAN, NOWACK, CURRY & WILCO, P.C.**
ATTORNEYS
TWO MIDTOWN PLAZA • 15TH FLOOR
1349 WEST PEACHTREE STREET
ATLANTA, GEORGIA 30309

Ms.   Mildred Coffey Bobbitt
6282 Cheatham Lake Drive
Acworth, GA 30101

30101+7642 32

PLAINTIFF'S
EXHIBIT

30101+7642 32

Mr.   John Rosa
6282 Cheatham Lake Drive
Acworth, GA 30101



**WEISSMAN, NOWACK, CURRY & WILCO, P.C.**
ATTORNEYS
TWO MIDTOWN PLAZA • 15TH FLOOR
1349 WEST PEACHTREE STREET
ATLANTA, GEORGIA 30309

Deed Book 13544 Pg 3357
Filed and Recorded Jun-04-2002 04:54pm
2002-0108784

*J.C. Stephenson*

Jay C. Stephenson
Clerk of Superior Court Cobb Cty. Ga.

Return to: Weissman, Nowack, Curry & Wilco, P.C.
Two Midtown Plaza, 15th Floor
1349 West Peachtree Street
Atlanta, GA 30309

## STATE OF GEORGIA

## COUNTY OF COBB

### LIEN

Chestnut Hill Homeowners Association, Inc., a homeowners association, in accordance with the Declaration of Covenants, Conditions, Restrictions and Easements for Chestnut Hill Subdivision, filed of record in the Cobb County, Georgia Records, Deed Book 3762, Page 465, et seq., claims a lien on the house, premises and real estate upon which it is erected being the property of **Paul Shimek**, located at 706 Larkspur Boulevard, Acworth, GA 30102, in the amount of $260.00, for the pro rata share for common expenses, along with interest at the rate of (18.0%) percent per

This 10th day of _____ May _____, 20 02.

*Julie Howard*

Julie Howard
Georgia Bar No. 492310
Attorney for the Association

**CLERK SUPERIOR COURT - COBB COUNTY GEORGIA:**
**JAY C. STEPHENSON**
**Index Data through: 12/13/2002 2:53:49 PM**

Current Search:
Name: CHESTNUT HILL HOMEO\
Name: SHIMEK
Date: Data thru 12/23/2002 = (All Y
Book Type: DE

Show: Grantor and Grantee

**S E A R C H   B Y   N A M E**                                    **?**

Records 1 - 1  Max Rows: 10 ▾  [ Back to Main Menu ] [ New Search ] [ Edit Search ]

| View | Name | Name | Instr | Pgs | LD | LL | Blk | Lot | Ut | Sub Division | Date | Book Type | Book Page |
|------|------|------|-------|-----|----|----|-----|-----|----|--------------|------|-----------|-----------|
| ⊕▣▣ 2 | CHESTNUT HILL HOMEOWNERS ASSOCIATION INC | SHIMEK PAUL | LIEN | 1 | | | | | | LARKSPUR BLVD ACWORTH | 06/04/2002 | DE | 13544-3357 |

Coding and Web design
Copyright © 1999-2002 The MainLine Corporation
All rights reserved



PLAINTIFF'S
EXHIBIT
"7"

## WEISSMAN, NOWACK, CURRY & WILCO, P.C.
### ATTORNEYS

TWO MIDTOWN PLAZA · 15TH FLOOR
1349 WEST PEACHTREE STREET
ATLANTA, GEORGIA 30309

TELEPHONE
404·888·9215
FACSIMILE
404·888·9214

July 3, 2002


Paul Shimek III
216 Alexander Street
Marietta, Georgia  30060

Re:   706 Larkspur Boulevard, Acworth, GA 30102
      Chestnut Hill Homeowners Association, Inc.

Dear Mr. Shimek:

I am writing on behalf of my client, the Chestnut Hill Homeowners Association, Inc. ("Association"), in response to your letters to me dated May 28, 2002 and June 12, 2002. In reply to your request for verification of your debt, enclosed please find the Association's ledger for your account. A lawsuit has not been filed to collect on your account so the Association does not hold a judgment against you. Also enclosed is a copy of the lien against your property sent to the Cobb County Clerk's Office for recording in May. We have not yet received back our original lien from the Clerk's office.

The Association is the original creditor for your account. The Association's address is P.O. Box 2338, Acworth, Georgia  30102. We have not reported this debt to a credit-reporting agency.

Regarding your concerns over the 1999 assessment increase, please note that pursuant to Article V, Section 3 of the Declaration of Covenants, Conditions, Restrictions and Easements for Chestnut Hill Subdivision ("Declaration"), the budget and annual assessment become effective unless disapproved at the annual meeting by a vote of a majority of the members. This means that no vote to approve the annual assessment increase is required. The budget and assessment become effective unless at the annual meeting a motion is made to disapprove the budget and a majority of the members pass such a motion. It is my understanding that there are no annual meeting minutes that reflect approval or disapproval of the 1999 assessment, which pursuant to the Declaration is not required.



PLAINTIFF'S
EXHIBIT
Composite
Ex. "8"

1.

Board of Directors
July 3, 2002
Page 2


     This letter is an attempt to collect a debt and any information obtained will be used for that purpose.


     Sincerely,

     WEISSMAN, NOWACK, CURRY & WILCO, P.C.

     Julie M. Howard


cc:   **Board of Directors**

JMH:slw

F:\DOCS\06506\002\Letters\Collections\Sbimek01.doc


2

WMCH: WORK REQUEST FORM – 04/2002

Chestnut Hill Homeowners' Association
P.O. Box 2239
Acworth, GA 30101

Board Contact(s):   Barry Petsonk, Treasurer      770-974-1366
                    Bill O'Connell, Secretary     770-917-6777

Weissman, Nowack, Curry & Wilco
Two Midtown Plaza – 16th Floor
1349 West Peachtree Street
Atlanta, GA 30309

**Work Request: Lien & Notification of Lien Letter**

| Owner | Account # | Address | Admin. Fee | Past Due Assessments through 2001 | Existing Lien? | Year 2002 Assessments (Due: 1/1/02) | Total Amount Due | Date WMP Work Example |
|---|---|---|---|---|---|---|---|---|
| | 1330 | 708 Larkspur Boulevard | Acworth, GA 30102 | $ 50 | $ - | No | $ 200 | $ 250 | |

Redacted

3.

# CHHA

5/9/2002

Register: Accounts Receivable

*From 01/01/2002 through 05/09/2002*

Sorted by: Date, Type, Number/Ref

| Date | Number | Customer | Memo/Description | Qty | Rate | Charge | Paid | Balance |
|------|--------|----------|------------------|-----|------|--------|------|---------|
| 01/12/2002 | 2002-1339 | 1339 | | | | 455.00 | | 455.00 |
| 02/18/2002 | | 1339 | | | | | 255.00 | 200.00 |
| 05/01/2002 | lien 5-8 | 1339 | | | | 50.00 | | 250.00 |

4.

FILE COPY

Return to:    Weissman, Nowack, Curry & Wilco, P.C.
              Two Midtown Plaza, 15th Floor
              1349 West Peachtree Street
              Atlanta, GA  30309

STATE OF GEORGIA

COUNTY OF COBB

### LIEN

Chestnut Hill Homeowners Association, Inc., a homeowners association, in accordance with the Declaration of Covenants, Conditions, Restrictions and Easements for Chestnut Hill Subdivision, filed of record in the Cobb  County, Georgia Records, Deed Book 3762, Page 465, et seq., claims a lien on the house, premises and real estate upon which it is erected being the property of **Paul Shimek**, located at 706 Larkspur Boulevard, Acworth, GA 30102, in the amount of $260.00, for the pro rata share for common expenses, along with interest at the rate of (18.0%) percent per annum, costs, and reasonable attorneys fees actually incurred.

This 10th day of _____ May _____, 20 02

Georgia Bar No. 492310
Attorney for the Association

Weissman, Nowack, Curry
& Wilco, P.C.
Two Midtown Plaza, 15th Floor

Return to:   Weissman, Nowack, Curry & Wilco, P.C.
             Two Midtown Plaza, 15th Floor
             1349 West Peachtree Street
             Atlanta, GA 30309

*Jay C. Stephenson*
Clerk of Superior Court Cobb Cty. Ga.

**STATE OF GEORGIA**

**COUNTY OF COBB**

### LIEN

Chestnut Hill Homeowners Association, Inc., a homeowners association, in accordance with the Declaration of Covenants, Conditions, Restrictions and Easements for Chestnut Hill Subdivision, filed of record in the Cobb County, Georgia Records, Deed Book 3762, Page 465, et seq., claims a lien on the house, premises and real estate upon which it is erected being the property of **Paul Shimek**, located at 706 Larkspur Boulevard, Acworth, GA 30102, in the amount of $260.00, for the pro rata share for common expenses, along with interest at the rate of (18.0%) percent per annum, costs, and reasonable attorneys fees actually incurred.

This 10th day of ____May____, 20 02

The Debt which this instrument was given to secure
having been paid in full, this instrument is hereby
cancelled, and the clerk of the Superior Court of
Cobb County, Georgia is hereby authorized and
directed to mark it satisfied of record.
This 12th day of _____, 20__

_Julie Howard_
Weissman, Nowack, Curry & Wilco, P.C.
Attorney for Chestnut Hill

_Julie Howard_
Julie Howard
Georgia Bar No. 492310
Attorney for the Association

Weissman, Nowack, Curry
& Wilco, P.C.
Two Midtown Plaza, 15th Floor
1349 West Peachtree Street
Atlanta, Georgia 30309
(404) 885-9215

Deed Book 13576 Pg 6259
Filed and Recorded Aug-16-2002 09:57am
2002-0156430

*Jay C. Stephenson*
Clerk of Superior Court Cobb Cty. Ga.

PLAINTIFF'S
EXHIBIT
"9"

CLERK SUPERIOR COURT - COBB COUNTY GEORGIA: **JAY C. STEPHENSON**

**DETAILED DOCUMENT INFORMATION**                                    ?

| | | | |
|---|---|---|---|
| **Book-Page:** | DE 13536-4552 | **CFN:** | DE2002-96658 |
| **# of Pages:** | 1 | **Date:** | 05/15/2002 9:24:19 AM |
| **Instrument Type:** | LIEN (LIEN) | | |
| **Doc Descr:** | | | |

**Grantor**
FORBES GEORGE
FORBES KATHY

**Grantee**
CHESTNUT HILL HOMEOWNERS ASSOCIATION INC

**Legals**
SUBDIVISION=GRAPEVINE COURT ACWORTH;

**References**

[Back to Main Menu ] [ Search Results ]

Coding and Web design
Copyright © 1999-2002 The MainLine Corporation
All rights reserved



CLERK SUPERIOR COURT - COBB COUNTY GEORGIA:
**JAY C. STEPHENSON**
**Index Data through: 12/12/2002 9:07:41 AM**



Records 1 - 6  Max Rows: [ 10 ▾ ]  [ Back to Main Menu ] [ New Search ] [ Edit Search ]

| View | | Name | Name | Instr | Pgs | LD | LL | Blk | Lot | Ut | Sub Division | Date | Book Type | Book Page |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 2 | CHEATHAM LAKES HOMEOWNERS ASSOCIATION INC | BULLARD ANTHONY R | ML | 1 | | | | | | CHEATHAM LAKE DR ACWORTH | 02/01/2000 | DE | 13239-2464 |
| | 2 | CHEATHAM LAKES HOMEOWNERS ASSOCIATION INC | JENNINGS FORREST W | ML | 1 | | | | | | CHEATHAM LAKE DR ACWORTH | 02/01/2000 | DE | 13239-2465 |
| | 2 | CHEATHAM LAKES HOMEOWNERS ASSOCIATION INC | LOCKLEAR DELTON | ML | 1 | | | | | | CHEATHAM LAKE DR ACWORTH | 02/01/2000 | DE | 13239-2466 |
| | 2 | CHEATHAM LAKES HOMEOWNERS ASSOCIATION INC | JENNINGS PAMELA | LIEN | 1 | | | | | | CHEATHAM LAKE DR ACWORTH | 10/09/2000 | DE | 13299-875 |
| | 2 | CHEATHAM LAKES HOMEOWNERS ASSOCIATION INC | BOBBITT MILDRED COFFEY | LIEN | 1 | | | | | | CHEATHAM LAKE DR ACWORTH | 07/10/2002 | DE | 13559-3862 |
| | 2 | CHEATHAM LAKES HOMEOWNERS ASSOCIATION INC | ROSA JOHN | LIEN | 1 | | | | | | CHEATHAM LAKE DR ACWORTH | 07/10/2002 | DE | 13559-3862 |

Coding and Web design
Copyright © 1999-2002 The MainLine Corporation
All rights reserved



PLAINTIFF'S
EXHIBIT
"11"

# WEISSMAN, NOWACK, CURRY, & WILCO, P.C.

### ATTORNEYS

TWO MIDTOWN PLAZA · 15TH FLOOR
1349 WEST PEACHTREE STREET
ATLANTA, GEORGIA 30309

TELEPHONE
404·885·9215

FACSIMILIE
404·885·9214

September 13, 2002

Mildred Coffey Bobbitt and John Rosa,
840 Kennesaw Avenue, Ste 9
Marietta, GA 30060

Re:   Past Due Assessments for 6282 Cheatham Lake Drive, Acworth,
      GA 30101

Dear Ms. Bobbitt:

I am writing on behalf of the Cheatham Lakes Homeowners Association, Inc. ("Association"). You have requested verification of your debt. Therefore, a copy of your account history is enclosed.

This communication is an attempt to collect a debt, and any information obtained will be used for that purpose. Thank you for your cooperation.

Sincerely,

Andrea M. Rhymes
Paralegal for Mark A. Moore

enclosure

PLAINTIFF'S
EXHIBIT

"/2"

/.

McCreary Realty Management, Inc., AMO

| Date | Acct | Description | Check # | Charges | Payments | Balance |
|------|------|-------------|---------|---------|----------|---------|
| 01/01/01 | 4005 | 01/01/01 Association Fee | | 295.00 | 0.00 | 295.00 |
| 01/31/01 | 4105 | 01/31 Late Fee | | 50.00 | 0.00 | 345.00 |
| 01/01/02 | 4005 | 01/01/02 Association Fee | | 295.00 | 0.00 | 640.00 |
| 01/13/02 | 4050 | Arc Violation-Dish | | 25.00 | 0.00 | 665.00 |
| 01/31/02 | 4105 | 01/31 Late Fee | | 50.00 | 0.00 | 715.00 |
| | Totals | | | 715.00 | 0.00 | 715.00 |

*Current owner —*
*6282 Cheatham Lake Dr.*

AO 440 (Rev. 1/90) Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | DATE 11/6/02   NOV 13 2002 |
|---|---|
| NAME OF SERVER (PRINT) *DANIEL J. SAXTON* | TITLE *Attorney / Process Server* |

*Check one box below to indicate appropriate method of service*

☑ Served personally upon the defendant. Place where served : *Linda B. Curry*
*Registered Agent for Weissman, Nowack, Curry & Wilco*

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and
discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____
_____
_____

☐ Other (specify): _____
_____
_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $50.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information
contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on ___10/6/___     _____
        *Date*                  *Signature of Server*

*235 Pine Tree Drive*
        *Address of Server*
*Marietta, Georgia 30068*

**PLAINTIFF'S
EXHIBIT
"13"**

1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

CLERK'S OFFICE
U.S.D.C. Atlanta

DLN

JAN 2 1 2003

LUTHER D. THOMAS, Clerk

Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| PAUL SHIMEK III, | § | |
| KATHY FORBES, | § | |
| GEORGE FORBES, | § | |
| MILDRED BOBBITT, and | § | |
| JOHN ROSA, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION |
| | § | FILE NO.: 1:02-cv-3020-wbh |
| WEISSMAN, NOWACK, CURRY | § | |
| & WILCO, P.C., | § | |
|     Defendant. | § | |

## LOCAL RULE 56.1B(1) STATEMENT OF MATERIAL FACTS

**COME NOW** PAUL SHIMEK III, KATHY FORBES, GEORGE

FORBES, MILDRED BOBBITT, and JOHN ROSA, plaintiffs in the above-styled

lawsuit, and pursuant to LR 56.1B(1), make this their statement of material facts to

which they contend there are no genuine issues to be tried, and shows the court the

following:

1.    Defendant is a debt collector within the meaning of 15 U.S.C. §1692a(6).

    (Answer, Page 3, ¶ 4).

2.    Defendant is a professional corporation organized under the laws of the

    State of Georgia. (Answer, Page 3, ¶ 4).

3.    Defendant is in the business of collecting consumer debts for, <u>inter alia</u>, Chestnut Hill Homeowners Association, Inc. and Cheatham Lakes Homeowners Association, Inc. (Answer, Page 3, ¶ 4).

4.    Plaintiffs are consumers within the meaning of 15 U.S.C. §1692a(3). (Answer, Page 3, ¶ 4, and Exhibits "1", "3" and "5").

5.    Defendant's first collection notice to Plaintiff Shimek is dated May 16, 2002 (Exhibit "1", Page 1).

6.    Plaintiff Shimek disputed the validity of the alleged debt on May 28, 2002 (Exhibit "2", Page 1-2).

7.    Plaintiff Shimek paid the alleged debt under protest on May 28, 2002 (Exhibit "2", Page 3).

8.    Defendant recorded a lien against Plaintiff Shimek's property on June 4, 2002 (Exhibit "7").

9.    Plaintiff Shimek received verification of the alleged debt from defendant by letter dated July 3, 2002 (Composite Exhibit "8", Pages 1-5).

10.   Plaintiff Shimek's lien was canceled by defendant on August 16, 2002 (Exhibit "9").

11.   Defendant's first collection notice to Plaintiffs Forbes is dated May 6,

12.     Plaintiffs Forbes disputed the validity of their alleged debt on May 12,

(Exhibit "10").

Kennesaw Ave, Ste. 9, Marietta, GA 30060. (Exhibits "3", Page 1, and "4").

21.     On November 18, 2002, defendant sent to plaintiffs Rosa a dun letter addressed as follows: John Rosa c/o Phillip L. Bobbitt, 840 Kennesaw Ave, Ste. 9, Marietta, GA 30060. (Exhibits "3", Page 2, and "4").

22.     On November 18, 2002, defendant sent to plaintiff Bobbitt dun letters via Certified Mail Return Receipt Requested and U.S. First Class Mail addressed as follows: Mildred Coffey Bobbitt, 6282 Cheatham Lake Drive, Acworth, GA 30101. (Exhibits "5", Page 1, and "6").

23.     On November 18, 2002, defendant sent to plaintiff Rosa dun letters via Certified Mail Return Receipt Requested and U.S. First Class Mail addressed as follows: John Rosa, 6282 Cheatham Lake Drive, Acworth, GA 30101. (Exhibits "5", Page 2, and "6").

24.     Defendant's dun letters (Exhibits "1", "3" and "5") fail to include the complete notice required by 15 U.S.C. §1692g(a)(4).

25.     Defendant's dun letters (Exhibits "1", "3" and "5") fail to include the notice required by 15 U.S.C. §1692g(a)(5).

*Signatures on following page*

4

Respectfully submitted,

_____

1850 Lake Park Drive, Suite 204
Smyrna, GA 30080
Tel. (770) 801-9950
Fax (770) 801-0724

Robert Kaiden
Attorney for Plaintiffs
Georgia Bar No.: 406030

_____

1850 Lake Park Drive, Suite 204
Smyrna, GA 30080
Tel. (770) 801-9950
Fax (770) 801-0724

Cristina Kaiden
Attorney for Plaintiffs
Georgia Bar No.: 406018

## LOCAL RULE 5.1 CERTIFICATION

Counsel certifies that the foregoing document was prepared in accordance with the type and font selection approved by Local Rule 5.1 in Times New Roman using a 14 point font.

_____

1850 Lake Park Drive, Suite 204
Smyrna, GA 30080
Tel. (770) 801-9950
Fax (770) 801-0724

Robert Kaiden
Attorney for Plaintiffs
Georgia Bar No.: 406030

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served opposing counsel with a copy of the foregoing pleading in a properly addressed envelope with adequate postage affixed thereon to:

Mr. Derek Johanson, Esq.
Weisman, Nowack, Curry & Wilco, P.C.
Two Midtown Plaza, 15th Floor
1349 West Peachtree Street
Atlanta, GA 30309
This the 21st day of January, 2003.

_____

1850 Lake Park Drive, Suite 204
Smyrna, GA 30080
Tel. (770) 801-9950
Fax (770) 801-0724

Robert Kaiden
Attorney for Plaintiffs
Georgia Bar No.: 406030



O T I C E

To:  Robert Allen Kaiden, Esq.
     Kaiden & Kaiden
     Suite 204
     1850 Lake Park Drive
     Smyrna, GA  30080


January 22, 2003



                    UNITED STATES DISTRICT COURT
                             for the
                    NORTHERN DISTRICT OF GEORGIA
                         ATLANTA DIVISION

Paul Shimek, et al,

                    plaintiff              CIVIL ACTION

          v.                              NO. 1:2-cv-3020-WBH

Weissman, Nowack, Curry & Wilco, P.C.,

                    defendant


              NOTICE TO RESPOND TO SUMMARY JUDGMENT MOTION
              ---------------------------------------------

     On 1/21/03, Paul Shimek, et al,

filed a motion for partial summary judgment in this Court, case document

number 11.

     Pursuant to this Court's order dated April 14, 1987, opposing coun-

sel is hereby notified that within 20 days from the date said motion was

served, filing of all materials, including any affidavits, depositions, answers to interrogatories, admissions on file and any other relevant materials to be considered in opposition to the motion for summary judgment, is required. Federal Rules of Civil Procedure, Rule 56(c); Moore v. State of Florida, 703 F.2d 516, 519 (11th Cir. 1983).

Unless otherwise stated by the trial court, the Court will take said motion for summary judgment under advisement immediately upon the close of the aforesaid 20 day period. Id. at 519. See also Donaldson v. Clark, 786 F.2d 1570, 1575 (11th Cir. 1986); Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985).

The entry of a summary judgment by the trial court is a final judgment on the claim or claims decided. Finn v. Gunter, 722 F.2d 711, 713 (11th Cir. 1984). Whenever the non-moving party bears the burden of proof at trial on a dispositive issue and the party moving for summary judgment has demonstrated the absence of any genuine issue of fact, the nonmoving party must go beyond the pleadings and must designate, by affidavit or other materials, "... specific facts showing that there is a genuine issue for trial." Federal Rules of Civil Procedure, Rule 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 324; 106 S.Ct. 2548, 2552-53; 91 L.Ed.2d 265, 272-3.

> Luther D. Thomas, Clerk
> United States District Court
> Northern District of Georgia

Copies to counsel of record

N O T I C E
- - - - - -


To:  Cristina Isabel Kaiden, Esq.
     Kaiden & Kaiden
     Suite 204
     1850 Lake Park Drive
     Smyrna, GA  30080


January 22, 2003


                    UNITED STATES DISTRICT COURT
                             for the
                    NORTHERN DISTRICT OF GEORGIA
                         ATLANTA DIVISION

Paul Shimek, et al,

                plaintiff                    CIVIL ACTION

          v.                                 NO. 1:2-cv-3020-WBH

Weissman, Nowack, Curry & Wilco, P.C.,

                defendant


              NOTICE TO RESPOND TO SUMMARY JUDGMENT MOTION
              ---------------------------------------------

          On 1/21/03, Paul Shimek, et al,

filed a motion for partial summary judgment in this Court, case document

number 11.

          Pursuant to this Court's order dated April 14, 1987, opposing coun-

sel is hereby notified that within 20 days from the date said motion was

served, filing of all materials,  including any affidavits, depositions, answers to interrogatories,  admissions on  file  and any other relevant materials  to be  considered  in  opposition to the  motion for  summary judgment, is required.    Federal  Rules of Civil Procedure,  Rule 56(c); Moore v. State of Florida, 703 F.2d 516, 519 (11th Cir. 1983).

Unless otherwise stated by the trial court,  the Court will take said motion for  summary judgment  under advisement immediately upon the close of  the aforesaid  20 day period.   Id. at 519.   See also Donaldson v. Clark, 786 F.2d 1570, 1575 (11th Cir. 1986);  Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985).

The entry  of a summary judgment  by the trial court  is a final judgment on the claim or claims decided.    Finn v. Gunter, 722 F.2d 711, 713 (11th Cir. 1984).  Whenever the non-moving party bears the burden of proof at trial on a  dispositive issue and the party  moving for summary judgment has demonstrated the absence of any genuine issue of fact,  the nonmoving party must go  beyond the pleadings and must designate, by affidavit or other materials,  "... specific facts showing that there is a genuine issue for trial."   Federal Rules of Civil Procedure, Rule 56(e); Celotex Corp. v. Catrett,  477 U.S. 317, 324; 106 S.Ct. 2548, 2552-53; 91 L.Ed.2d 265, 272-3.

Luther D. Thomas, Clerk
United States District Court
Northern District of Georgia

Copies to counsel of record

N O T I C E
- - - - - -

To:  Derek W. Johanson, Esq.
     Weissman Nowack Curry & Wilco
     One Alliance Center, 4th Floor
     3500 Lenox Road
     Atlanta, GA  30326


January 22, 2003


                    UNITED STATES DISTRICT COURT
                             for the
                    NORTHERN DISTRICT OF GEORGIA
                        ATLANTA DIVISION

Paul Shimek, et al,

                    plaintiff              CIVIL ACTION

          v.                              NO. 1:2-cv-3020-WBH

Weissman, Nowack, Curry & Wilco, P.C.,

                    defendant


              NOTICE TO RESPOND TO SUMMARY JUDGMENT MOTION
              -------------------------------------------


     On 1/21/03, Paul Shimek, et al,

filed a motion for partial summary judgment in this Court, case document

number 11.

     Pursuant to this Court's order dated April 14, 1987, opposing coun-

sel is hereby notified that within 20 days from the date said motion was

served, filing of all materials,  including any affidavits, depositions, answers to interrogatories,  admissions on  file  and any other relevant materials  to be  considered  in  opposition to the  motion for  summary judgment, is required.   Federal  Rules of Civil Procedure,  Rule 56(c); Moore v. State of Florida, 703 F.2d 516, 519 (11th Cir. 1983).

Unless otherwise stated by the trial court,  the Court will take said motion for  summary judgment  under advisement immediately upon the close of  the aforesaid  20 day period.  Id. at 519.  See also Donaldson v. Clark, 786 F.2d 1570, 1575 (11th Cir. 1986);  Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985).

The entry  of a summary judgment  by the trial court  is a final judgment on the claim or claims decided.    Finn v. Gunter, 722 F.2d 711, 713 (11th Cir. 1984).  Whenever the non-moving party bears the burden of proof at trial on a  dispositive issue and the party  moving for summary judgment has demonstrated the absence of any genuine issue of fact,  the nonmoving party must go  beyond the pleadings and must designate, by af- fidavit or other materials,  "... specific facts showing that there is a genuine issue for trial."  Federal Rules of Civil Procedure, Rule 56(e); Celotex Corp. v. Catrett,  477 U.S. 317, 324; 106 S.Ct. 2548, 2552-53; 91 L.Ed.2d 265, 272-3.

Luther D. Thomas, Clerk
United States District Court
Northern District of Georgia

Copies to counsel of record

N O T I C E
- - - - - -

To:  Edward Mark Gilgor, Esq.
     Weissman Nowack Curry & Wilco
     One Alliance Center, 4th Floor
     3500 Lenox Road
     Atlanta, GA  30326


January 22, 2003


                    UNITED STATES DISTRICT COURT
                             for the
                    NORTHERN DISTRICT OF GEORGIA
                         ATLANTA DIVISION

Paul Shimek, et al,

               plaintiff                 CIVIL ACTION

          v.                             NO. 1:2-cv-3020-WBH

Weissman, Nowack, Curry & Wilco, P.C.,

               defendant


              NOTICE TO RESPOND TO SUMMARY JUDGMENT MOTION
         -------------------------------------------------

     On 1/21/03, Paul Shimek, et al,

filed a motion for partial summary judgment in this Court, case document

number 11.

     Pursuant to this Court's order dated April 14, 1987, opposing coun-

sel is hereby notified that within 20 days from the date said motion was

served, filing of all materials, including any affidavits, depositions,

answers to interrogatories, admissions on file and any other relevant

Moore v. State of Florida, 703 F.2d 516, 519 (11th Cir. 1983).

Unless otherwise stated by the trial court, the Court will take

said motion for summary judgment under advisement immediately upon the

close of the aforesaid 20 day period. Id. at 519. See also Donaldson

v. Clark, 786 F.2d 1570, 1575 (11th Cir. 1986); Griffith v. Wainwright,

772 F.2d 822, 825 (11th Cir. 1985).

The entry of a summary judgment by the trial court is a final

judgment on the claim or claims decided. Finn v. Gunter, 722 F.2d 711,